06-1752-cr
*United States v. Martin R. Frankel*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of October, two thousand eleven.

PRESENT:

JOSEPH M. MCLAUGHLIN,
JOSÉ A. CABRANES,
DEBRA ANN LIVINGSTON,
        *Circuit Judges.*

_____

United States of America,

        *Appellee,*

        v.                                                    No. 06-1752-cr

Martin R. Frankel,

        *Defendant-Appellant,*

Sonia Howe, a/k/a Sonia Schulte, a/k/a Sonia Rosse,
a/k/a Sonia Stevens, a/k/a Sonia Rae, Gary L. Atnip,
John M. Jordan, & Mona Kim, a/k/a Monica Kim,

        *Defendants.*

_____

**FOR DEFENDANT-APPELLANT:**     LAURIE S. HERSHEY, Manhasset, NY.

**FOR APPELLEE:**     JOHN H. DURHAM, (Sandra S. Glover, Assistant U.S. Attorney, and David B. Fein, U.S. Attorney, *on the brief*), United States Attorney's Office for the District of Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Ellen Bree Burns, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-appellant Martin R. Frankel ("Frankel") appeals from a March 31, 2006 amended judgment entered by the District Court, sentencing him principally to 200 months of imprisonment and three years of supervised release and ordering restitution in the amount of $204,164,215.79. Frankel, who fled the United States in 1999, pleaded guilty to violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68, RICO conspiracy, wire fraud, and securities fraud statutes following his extradition from Germany. Frankel also appeals from a December 14, 2004 order of the District Court denying his motion for authorization of $40,000 for an accountant to audit the applicable loss amount. We assume the parties' familiarity with the underlying facts and procedural history of this case.

Frankel raises five arguments on appeal. First, he contends that the District Court erred by denying his request, four days prior to sentencing,[1] for $40,000 in funds for an accountant to audit the loss amount. A district court may authorize the expenditure of funds exceeding $500 under the Criminal Justice Act ("CJA") "only when 'necessary for adequate representation.'" *United States v. Bah*, 574 F.3d 106, 118 (2d Cir. 2009) (quoting 18 U.S.C. § 3006A(e)(1)-(2)). Appeals from denials of requests for CJA funds are reviewed for abuse of discretion. *See id.*

In this case, Frankel has failed to present evidence that Judge Burns abused her discretion in denying his last-minute motion for $40,000 in forensic accounting funds. By the time Frankel requested the accounting funds on December 6, 2004, the District Court had already adjourned the sentencing date twice, and more than two and a half years had elapsed since Frankel entered his guilty plea on May 15, 2002. Contrary to Frankel's assertion, the government promptly objected to the motion as untimely. Moreover, in the 1998 United States Sentencing Guidelines under which Frankel was sentenced, the greatest possible sentencing enhancement for a fraud offense applied to any loss over $80 million.

---

[1] Frankel was sentenced for the first time on December 10, 2004. Following a *Booker* remand, the District Court imposed the same sentence on March 31, 2006.

U.S.S.G. § 2F1.1(b)(1)(S) (1998). Although Frankel restates his generalized objections to the loss calculation on appeal, he makes no serious argument that the District Court's loss calculation was misstated by more than $120 million. Based on this record, we find no abuse of discretion and therefore affirm the District Court's decision to deny Frankel's request for $40,000 in accounting funds.

Second, Frankel argues that the District Court violated the rule of specialty by considering the money laundering predicate acts of the RICO and RICO conspiracy counts in calculating the applicable Guidelines range. We do not decide whether Frankel has standing to assert the rule of specialty as a basis to challenge his sentence because his argument fails on the merits. *See United States v. Cuevas*, 496 F.3d 256, 262 (2d Cir. 2007). It is well settled that "our courts cannot second-guess another country's grant of extradition to the United States." *United States v. Campbell*, 300 F.3d 202, 209 (2d Cir. 2002). In according the required deference, we "presume that if the extraditing country does *not* indicate that an offense specified in the request is excluded from the extradition grant, the extraditing country considers the offense to be a crime for which extradition is permissible." *Id.* (emphasis added).

In this case, the extradition notice from Germany indicates that Frankel was to be extradited on all of the charges contained in the federal Indictment "except those offences . . . referring to the procedurally independent file of money laundering (count 21-33)." Thus, the notice explicitly contemplated Frankel's extradition for prosecution on the multi-count federal Indictment, while explicitly excluding the "procedurally independent" money laundering counts. We decline Frankel's invitation to "second-guess" the extradition order by assuming that Germany intended to exclude the RICO and RICO conspiracy counts as well. Because Frankel did not plead guilty to (and was not sentenced for) the substantive money laundering counts, we find no violation of the rule of specialty.

Third, Frankel contends that the District Court "abused its discretion"—*i.e.* erred, *see Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (explaining "abuse of discretion")—by failing to "group" the wire fraud counts and money laundering predicate acts in calculating the applicable Guidelines range. Section 3D1.2 of the Guidelines governs the procedure for determining the total combined offense levels in cases of multiple count convictions. Under § 3D1.2(d), the subsection primarily at issue, counts should be grouped "[w]hen the offense level is determined largely on the basis of the total amount of harm or loss, the quantity of a substance involved, or some other measure of aggregate harm . . . ." U.S.S.G. § 3D1.2(d).

Frankel here argues that his wire fraud and money laundering offenses were interrelated and therefore subject to a "measure of aggregate harm." *Id.* In *United States v. Napoli*, 179 F.3d 1 (2d Cir. 1999), we considered the application of § 3D1.2(d) and held that money laundering and fraud offenses generally should not be grouped, reasoning that "the guidelines for fraud and money laundering measure different types of harms and measure them in different ways." *Id.* at 13. Frankel's attempts to

3

distinguish the *Napoli* holding are misplaced, as the reasoning of *Napoli* applies equally to the wire fraud and money laundering in this case. We therefore affirm the District Court's treatment of the wire fraud counts and money laundering predicate acts as "unrelated" under § 3D1.2(d).

Fourth, Frankel argues that the District Court abused its discretion by declining to grant a downward departure based on overlapping sentencing enhancements. Courts may consider downward departures "when the addition of *substantially overlapping enhancements* results in a significant increase in the sentencing range minimum." *United States v. Lauersen*, 362 F.3d 160, 164 (2d Cir. 2004), *vacated on other grounds*, 543 U.S. 1097 (2005). A district court's "refusal to downwardly depart is generally not appealable," and is appropriate for appellate review only "when a sentencing court misapprehended the scope of its authority to depart or the sentence was otherwise illegal." *United States v. Valdez*, 426 F.3d 178, 184 (2d Cir. 2005).

Here, nothing in the record suggests that the 200-month sentence was illegal, and the sentencing transcript demonstrates that Judge Burns fully comprehended the scope of her departure authority and simply chose not to exercise it. Accordingly, we decline to review the District Court's decision not to grant a downward departure.

Finally, Frankel argues that the District Court violated his First Amendment rights by imposing a special condition of supervised release that prohibits him from being involved in the investment of other people's money. We review the propriety of conditions of supervised release for abuse of discretion. *United States v. Brown*, 402 F.3d 133, 136 (2d Cir. 2005). Special conditions must be "reasonably related" to certain factors enumerated in the Guidelines and must involve "no greater deprivation of liberty than is reasonably necessary." *United States v. Myers*, 426 F.3d 117, 123-24 (2d Cir. 2005) (internal quotation marks omitted).

The special condition at issue states that Frankel "shall not become employed in a position that involves soliciting investment funds from other persons or businesses, nor shall he be directly or indirectly involved in the investment of other people's money." The record is clear that the contested condition "reasonably relate[s]" to the factors identified in the Guidelines, including the "nature and circumstances of the offense and the history and characteristics of the defendant," U.S.S.G. § 5D1.3(b)(1)(A), and "the need to protect the public from further crimes of the defendant," *id.* at § 5D1.3(b)(1)(C). The District Court did not err, plainly or otherwise, by imposing a special condition that prohibits Frankel from engaging in the type of fraudulent conduct that resulted in his conviction.

4

## CONCLUSION

We reject all of the defendant's claims on appeal. Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court
